IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DAVID W MILES, JR.                                                                                              PLAINTIFF

v.                                          Civil No. 1:18-cv-01051

NICOLE CARTER, Ashley County Jail
Admin, Ashley County Detention Center;
GIA MONDRAGON, Ashley County Jail
Assistant Admin., Ashley County Detention
Center; and NEVADA COUNTY, AR                                                                      DEFENDANTS

## ORDER

Plaintiff David W Miles, Jr. filed this 42 U.S.C. § 1983 action *pro se* and *in forma pauperis* on August 14, 2018, in the Eastern District of Arkansas. (ECF No. 2). The case was transferred to the Western District of Arkansas, El Dorado Division, on August 15, 2018. (ECF No. 4). Before the Court is Plaintiff's failure to keep the Court informed of his current address.

Plaintiff submitted an application to proceed *in forma* pauperis ("IFP") with his complaint, but it was incomplete. He failed to have a detention center official complete the certification regarding inmate funds held in Plaintiff's name. In addition, Plaintiff submitted his complaint on a form that was not approved for the Western District. On August 15, 2018, the Court entered an order directing Plaintiff to complete a new IFP application and file an Amended Complaint by September 5, 2018. (ECF No. 6). The order was mailed to Plaintiff's address of record: Ashley County Detention Facility, 842 Ashley Road 12 West, Hamburg, Arkansas 71646. The order advised Plaintiff that failure to file a response by the deadline or failure to keep the Court informed of his current address would result in Plaintiff's case being dismissed. On August 30, 2018, this order was returned to the Court as undeliverable marked "RTS-Unable to Forward." (ECF No. 8). Plaintiff's last communication with the Court was on August 14, 2018, when he filed his

Complaint. More than thirty days has passed since mail sent to Plaintiff at his address of record was returned and Plaintiff has failed to inform the Court of his current address.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to keep the Court informed of his current address. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Plaintiff's Complaint (ECF No. 2) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 8th day of November, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge